UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

WILLIA B. MARSHALL-SCREEN,

            Plaintiff,

            -against-

INTERNAL REVENUE SERVICE;
HERBERT HUFF, District Director;
FRANK RAMOGIDO, I.R.S. Personnel Chief;
ROBERT RUBIN, C.E.O., I.R.S.,

            Defendants.

----------------------------------------------------------X

**MEMORANDUM & ORDER**

01-CV-0811 (FB)
01-CV-0846 (FB)

*Appearance:*
*For the Plaintiff:*
Willia B. Marshall-Screen, *Pro Se*
615 E. 21st St., Apt. 1A
Brooklyn, NY 11226-7201

**BLOCK, Senior District Judge:**

       Plaintiff filed the instant action on February 12, 2001, against defendants alleging employment discrimination. By order dated August 21, 2002, the Court dismissed the action, and the matter was closed. *See Marshall-Screen v. IRS*, 01-CV-0811 (FB), 01-CV-0846 (FB) (E.D.N.Y. Aug. 21, 2002).[1] Notwithstanding the Court's dismissal of the action, plaintiff has submitted numerous meritless motions regarding this closed case. Most recently, on January 6, 2006, plaintiff submitted a Motion for Court Order Protection alleging:

---

      [1] Due to an administrative error, the matter was assigned two civil action numbers, which were consolidated by order dated March 9, 2001. *See Marshall-Screen v. IRS*, 01-CV-0811 (FB), 01-CV-0846 (FB) (E.D.N.Y. Mar. 9, 2001).

> This January 3, 2006 the plaintiff received in the mail a request to subscribe to a life insurance policy. It was shocking to me because I did not request the information or the application. Someone else is committing these acts. And, the Transamerica Financial Life Insurance Company contained this threatening material: 1) the policy was for $5,000, 2) the letter listed is my birthday as 2/3/06, 3) This is not my birthday and was completely wrong, 4) the incorrect birthday showed someone—initiated this insurance application and it wasn't me and 5) there was a[n] intimidating threat to send this insurance application before the birthday listed of February 3, 2006.

Mot. at 1. Plaintiff further alleges that she has "received several letters from a secret group saying they had been observing [her] and they asked [her] to join their group" and that she has "newly discovered evidence in the case relevant to the I.R.S. promise to hire [her]." *Id.* at 2.

As with her previous submissions, the instant motion is without merit and it is denied. Furthermore, plaintiff is warned that the further filing of non-meritorious submissions regarding her employment dispute with defendants may result in the issuance of an order barring the acceptance of future *in forma pauperis* complaints or submissions concerning this matter without first obtaining leave of court to do so. *See* 28 U.S.C. § 1651; *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Frederic Block
FREDERIC BLOCK
United States Senior District Judge

Dated: January 23, 2006
       Brooklyn, New York